IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

KIMBERLY A. LOVELL,            )
                               )
            Plaintiff,         )
                               )
    v.                         )    Case No. 02-1441-WEB
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security,)
                               )
            Defendant.         )

MEMORANDUM AND ORDER

Plaintiff has filed an Application to Vacate Stay (Doc. 39) and a Supplemental Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 40). Due to the age of the case, a review of the procedural history is warranted. Plaintiff was awarded benefits by the Administrative Law Judge (ALJ). The Appeals Council reversed and remanded with instructions. A different ALJ found that Plaintiff did not meet the impaired listings, and denied benefits. The Appeals Council denied review. On October 9, 2003, this court reversed and remanded with instructions under sentence four of 42 U.S.C. § 405(g). (Doc. 16). On December 7, 2003, this court granted Plaintiff's application for attorney fees under the Equal Access to Justice Act in the amount of $4,053.98. (Doc. 25).

In June 2008, Plaintiff filed a motion for relief from judgment or order, requesting the court amend its judgment and award attorney fees pursuant to 42 U.S.C. § 406(b). This motion was stayed while the Plaintiff's past due benefits were determined.

Plaintiff moves to vacate the stay as the past due benefits have been determined by the Administration. Plaintiff's motion for relief states that 25% of Plaintiff's past due benefits equal $8,357.50. Counsel for Plaintiff has received $4,432.00 in SSA Agency fees and $4,053.98 in

EAJA fees. Plaintiff requests fees pursuant to 42 U.S.C. § 406(d)(1) in the amount of $4,303.52, which is 25% of past due benefits minus the EAJA fees. Plaintiff requests the amount be withheld from Plaintiff's current past due benefits and the balance remitted to Plaintiff. Defendant does not object to the award of attorney fees. However, Defendant argues that pursuant to 42 U.S.C. § 406(b), Plaintiff's attorney should be paid $8,357.50 and he should be directed to refund the amount of the EAJA fee, or $4,053.98, to Plaintiff.

The parties are in agreement that Federal Rule of Civil Procedure 60(b) is the applicable rule under which to bring the application for attorney fees. The Tenth Circuit has ruled that a motion pursuant to Rule 60(b)(6) is appropriate for a party seeking an award under § 406(b)(1). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).

The court is required to review fees for reasonableness under a contingent-fee agreement. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n. 6, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); 42 U.S.C. § 406(b). After a review of the Fee Agreement Contract (Doc. 27-1), and the itemization of hours spent by Plaintiff's counsel, (Doc. 27-2), the court finds the amount requested by counsel is reasonable. The court agrees with the defendant's reading of the statute, that 42 U.S.C. § 406(b) requires payment be made to counsel, and that counsel be required to refund the amount of the EAJA fee to the Plaintiff. See 42 U.S.C. § 406(b), "the Commissioner of Social Security may.....certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."

IT IS THEREFORE ORDERED that the Plaintiff's Application to Vacate Stay (Doc. 39) be GRANTED.

IT IS ALSO ORDERED that Plaintiff's Supplemental Motion for Relief From Judgment or Order Pursuant to Federal Rule Civil Procedure 60(b)(6) is GRANTED. Plaintiff's counsel is

awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,357.50. Plaintiff's counsel is ordered to refund to the claimant the amount of the smaller fee, which is $4,053.98.

IT IS SO ORDERED this 1st day of November, 2010.


  s/ Wesley E. Brown
 Wesley E. Brown
 United States Senior District Court Judge